UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID W BATES,

                    Plaintiff,

                                                    Case No. 26-cv-0948-bhl

        v.

WHIRLPOOL CORPORATION,

                    Defendant.

## ORDER

On April 27, 2026, Plaintiff David Bates, proceeding without an attorney, filed a complaint in Milwaukee County Circuit Court, alleging that Defendant Whirlpool Corporation manufactured a defective gas range that injured him.  (ECF No. 1-1.)  On May 27, 2026, Whirlpool removed the action to this Court on the basis of diversity jurisdiction.  (ECF No. 1.)  On June 3, 2026, Whirlpool filed a motion to dismiss.  (ECF No. 5.)  In response, Bates filed a motion for leave to amend his complaint.  (ECF No. 8.)  Bates also filed a motion for preservation of evidence, requesting that the Court order Whirlpool to preserve all evidence related to this litigation.  (ECF No. 9.)

Bates's motion to amend is unnecessary.  Under Federal Rule of Civil Procedure 15(a)(1)(B), Bates may amend his complaint at this point in the case without court permission. Rule 15 provides that a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b), among other circumstances.  Fed. R. Civ. P. 15(a)(1)(B).  Because Whirlpool filed a motion to dismiss under Rule 12(b)(6), Bates has the right to amend his complaint because 21 days have not passed since Whirlpool filed its motion to dismiss.  The Clerk of Court will be directed to docket Bates's proposed amended complaint, and it will be the operative pleading in this case.  Whirlpool's motion will be denied as moot.

Bates's motion for an order to preserve evidence is also unnecessary.  All parties have an obligation to preserve evidence when they have notice that the evidence is relevant to litigation or should know that the evidence may be relevant to future litigation.  *See Park v. City of Chicago*, 297 F.3d 606, 614–15 (7th Cir. 2002); *see also Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d

672, 681 (7th Cir. 2008).  A failure to preserve relevant evidence may lead to sanctions or a later adverse instruction related to the intentional spoliation of evidence.  Fed. R. Civ. P. 26, 37.  Bates's only basis for his motion is that Whirlpool is a large corporate entity that controls its own electronic communications, databases, engineering documents, and records.  (ECF No. 9 at 3–4.)  This would be true for all corporate defendants, and, seemingly, all defendants.  Bates presents no reason to think that Whirlpool will ignore its obligations and fail to preserve relevant or potentially relevant evidence.  The Court will therefore deny this motion as unnecessary.

Accordingly,

**IT IS HEREBY ORDERED** that Whirlpool's motion to dismiss, ECF No. 5, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Bates's motion for leave to amend, ECF No. 8, is **DENIED as moot**.  The Clerk of Court is directed to docket Bates's amended complaint and its exhibits, ECF Nos. 8-1 and 8-2, as a separate docket entry.

**IT IS FURTHER ORDERED** that Bates's motion for preservation of evidence, ECF No. 9, is **DENIED as unnecessary**.

Dated at Milwaukee, Wisconsin on June 12, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge