UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID W BATES,

Plaintiff,

v.

Case No. 26-cv-0948-bhl

WHIRLPOOL CORPORATION,

Defendant.

---

**ORDER DENYING DEFENDANT WHIRLPOOL'S MOTION TO DISMISS**

---

On April 27, 2026, Plaintiff David W. Bates, proceeding without an attorney, filed a complaint in Milwaukee County Circuit Court asserting multiple products liability claims under Wisconsin law. (ECF No. 1-1 at 2–6.) Whirlpool removed the case to this Court on May 27, 2026 and then moved to dismiss the original complaint. (ECF No. 1 at 1; ECF No. 5.) That motion became moot when Bates filed his first amended complaint. (ECF Nos. 8 & 13.) Bates then filed a further four-count amended complaint on June 12, 2026, (ECF No. 14), and Whirlpool again moved to dismiss. (ECF No. 18). Briefing on the renewed motion to dismiss is now complete and the motion is ripe for resolution. (ECF Nos. 18, 20, & 22.) Because the complaint pleads sufficient facts to support Bates's claims, the Court denies Whirlpool's motion. The Court declines to address speculative questions about punitive damages or discovery at this time.

## BACKGROUND

Bates alleges he was injured on or around December 1, 2025 when a KitchenAid gas range that was manufactured by Whirlpool and installed in Bates's home "experienced a dangerous malfunction" and "failed to properly regulate or ignite gas, causing an accumulation of gas followed by an ignition event." (ECF No. 14 ¶¶1–6.) Bates further alleges that the stove "had not been materially altered from its original condition" and that it was "installed and used in accordance with standard and foreseeable household use." (*Id.* ¶¶8–9.). The "sudden ignition" resulted in "a sudden flare or combustion that caused injury to [Bates]," including "burns. . . pain,

discomfort, and ongoing effects following the incident." (*Id.* ¶¶7–12). Bates further contends that "the malfunction . . . is consistent with a defect in the ignition system, gas control system, or related safety mechanisms" and that "the product was unreasonably dangerous due to its inability to safely control gas ignition under normal operating conditions." (*Id.* ¶¶10, 13.)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint "must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Courts construe *pro se* complaints liberally. *Id.*; *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).[1]

## ANALYSIS

Bates's amended complaint asserts four claims against Whirlpool. Counts I–III assert strict product liability claims based respectively on an alleged Manufacturing Defect, Design Defect, and Failure to Warn, governed by Wisconsin's product liability statute, Wis. Stat. §895.047. Count IV is a claim for negligence under Wisconsin common law.

---

[1] Bates attached many exhibits to his first amended complaint but does not incorporate them by reference. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("A court may consider documents attached to a motion to dismiss *if they are referred to in the plaintiff's complaint* and are central to his claim.") (cleaned up) (emphasis added). The attachments are not properly before the Court so the Court will not consider them at this time. They do not affect the outcome of this motion in any event.

As an initial matter, Whirlpool offers two global attacks on the entirety of Bates's amended complaint. First, Whirlpool invites the Court to dismiss Bates's claims because Bates "fail[ed] to respond to the substance of Whirlpool's motion to dismiss." (ECF No. 22 at 2.) Whirlpool is correct that "a district court *may* hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss," *see Boogaard v. National Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) (emphasis added), but such a ruling would be inappropriate here. While Bates's arguments are somewhat haphazard, an observation that is hardly surprising given that Bates is proceeding *pro se*, his filings adequately address Whirlpool's arguments concerning the alleged deficiencies in his pleadings. This is not a basis to dismiss Bates's claims.

Second, Whirlpool argues that the Court should dismiss the case because Bates has failed to "allege and prove" each element of a products liability claim as required by the relevant statute. (ECF No. 19 at 3–4 (quoting *Murphy v. Columbus McKinnon Corp.*, 982 N.W.2d 898, 910 (Wis. 2022).) Whirlpool puts the cart before the horse. The quoted language is inapplicable here because the *Murphy* court was evaluating the merits of a products liability claim at summary judgment. 982 N.W.2d at 913. This Court is considering a motion to dismiss. When doing so, the Court does not require a plaintiff to allege *and prove* each element of their case. Instead, the Court considers whether the factual allegations plausibly entitle the plaintiff to relief. At this juncture, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts*, 817 F.3d at 564 (citing *Lavalais*, 734 F.3d at 632).

Whirlpool's remaining arguments primarily relate to its contention that the amended complaint consists of "threadbare recitals of elements" and "conclusory statements." (ECF No. 19 at 2). As discussed below, this contention has some merit. Indeed, several of Bates's allegations are flat out recitals of the elements of his claims, offering little more than barebones legal conclusions, which the Court need not consider. But as the Court will explain, Bates has also included sufficient factual allegations that, if taken as true, and construed in his favor, adequately support his claims.

## I. Bates Has Sufficiently Pleaded His Products Liability Claims.

Bates's first three claims arise under Wisconsin's products liability statute, Wis. Stat. §895.047. Under Section 895.047(1)(a), a plaintiff may hold a manufacturer liable for injuries caused by a product by showing that a product is defective in one of three ways. The

plaintiff must show that the product either "contains a manufacturing defect, is defective in design, or is defective because of inadequate instructions or warnings." *Id.*

In addition to showing one of these three types of defects, Wisconsin law also requires a products liability plaintiff to show:

> (b) That the defective condition rendered the product unreasonably dangerous to persons or property.
> (c) That the defective condition existed at the time the product left the control of the manufacturer.
> (d) That the product reached the user or consumer without substantial change in the condition in which it was sold.
> (e) That the defective condition was a cause of the claimant's damages.

These additional elements are required for all three types of defects.

Beyond its global attacks, which the Court has already rejected, Whirlpool's primary arguments for dismissal are premised on its contention that "the Amended Complaint contains no substantive facts about the condition, age, location, installation, purchase, or transportation of the range[.]" (ECF No. 19 at 4.) The Court disagrees that the operative pleading fails to provide Whirlpool sufficient notice of Bates's claims.

With respect to Count I, Bates has properly alleged facts that support a plausible manufacturing defect claim. Under the relevant statute, "[a] product contains a manufacturing defect if the product departs from its intended design even though all possible care was exercised in the manufacture of the product." Wis. Stat. §895.047(1)(a). As to this claim, subsection (a) is satisfied because Bates properly alleges a manufacturing defect; he alleges the gas range was defective because it malfunctioned by failing to properly regulate and ignite gas. (ECF No. 14 ¶6.) This gives rise to the reasonable inference that a failure to ignite and regulate gas is a departure from the intended design of a gas stove, which operates by igniting and regulating gas to provide a controlled flame for cooking.

With respect to Count II, Bates also sufficiently alleges facts that support a plausible design defect claim. A design is defective "if the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer and the omission of the alternative design renders the product not reasonably safe." Wis. Stat. §895.047(1)(a). This is a two-part inquiry: a Plaintiff must allege that 1) "the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design;" and 2), that "the omission of the alternative design renders the

product not reasonably safe." *Murphy*, 982 N.W.2d at 909–10. Here, Bates has alleged facts that satisfy the two-part inquiry. First, the facts give rise to a reasonable inference that the foreseeable risk of harm posed by gas accumulation and subsequent ignition could have been reduced or avoided by adopting, as Bates alleges, "improved ignition safety systems and gas flow control mechanisms." (ECF No. 14 ¶¶20–22.) Similarly, it is plausible from the facts that the omission of alternative designs renders the product not reasonably safe for use because the alleged design defect caused the stove to malfunction and "fail[] to properly regulate or ignite gas." (*Id.* ¶6.)

With respect to Count III, Bates has also alleged facts that plausibly support a failure to warn claim. "A product is defective because of inadequate instructions or warnings only if the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the manufacturer and the omission of the instructions or warnings renders the product not reasonably safe." Wis. Stat. §895.047(1)(a). Here, Bates's allegations are that "Whirlpool failed to provide adequate warnings regarding risks of gas accumulation and delayed ignition" and that "[a]dequate warnings could have reduced or prevented the incident." (ECF No. 14 ¶¶23–24). Given this allegation, Bates has alleged enough facts to support his failure-to-warn claim. *See Rougeau v. Ahlstrom Rhinelander, LLC*, 785 F. Supp. 3d 438, 452 (W.D. Wis. 2025) (denying motion to dismiss where class plaintiffs alleged manufacturer (1) failed to provide adequate warnings about known risks of PFAS products, and (2) the harm posed by PFAS products could have been reduced or avoided by reasonable instructions or warnings). Bates has plausibly alleged that the foreseeable risks of gas accumulation and ignition could have been reduced by adequate warnings.

The remaining elements are the same for Counts I–III and Bates's allegations sufficiently cover them. With respect to subsection (b), the amended complaint alleges facts that would support a finding that the alleged defects had an unreasonably dangerous nature. Bates alleges that defective gas regulation and ignition caused a "a sudden flare or combustion," which is unreasonably dangerous. (ECF No. 8 ¶7). The amended complaint also alleges the element required by Subsection (c) – an existing defect when the stove left the manufacturer's control. Bates alleges that that he purchased a KitchenAid gas range manufactured by Whirlpool and that it was defective at the time it left Whirlpool's control. (*Id.* ¶¶3, 16). Subsection (d) – that the product reached Bates without substantial change – is satisfied because Bates alleges the stove was "used in a normal and intended manner" and "installed and used in accordance with standard . . .

household use." (*Id.* ¶¶ 4, 9). Finally, subsection (e) is satisfied because Bates alleges that the explosive malfunction caused Bates's burns and other injuries. (*Id.* ¶¶11–12.)

These factual allegations, taken as true, properly support a products liability claim for a manufacturing defect under Wisconsin law. Accordingly, the Court denies Whirlpool's motion to dismiss Counts I–III.

**II. Bates's Amended Complaint Sufficiently Pleads Common Law Negligence.**

Bates's final claim is for common law negligence. Under Wisconsin law, an action for negligence requires "a plaintiff to plead facts, which if proved true, would establish the following four elements: (1) the existence of a duty of care on the part of the defendant, (2) a breach of that duty of care, (3) a causal connection between the defendant's breach of the duty of care and the plaintiff's injury, and (4) actual loss or damage resulting from the [breach]." *Hoida, Inc. v. M&I Midstate Bank*, 717 N.W.2d 17, 27 (Wis. 2006) (internal quotation omitted). "[A] negligent design claim's focus on what the defendant knew or should have known sets it apart from a strict product liability claim," and because "[t]he principles of negligence law hinge on a defendant's conduct . . . the plaintiff must show that the defendant was at fault." *Murphy v. Columbus McKinnon Corp.*, 37 N.W.3d 325, 2026 WL 1180481 (Wis. App. 2026) (quoting *Morden v. Cont'l AG*, 611 N.W.2d 659, 673 (Wis. 2000)).

Bates's amended complaint alleges that his KitchenAid gas stove failed to properly regulate or ignite gas under otherwise ordinary cooking conditions, which caused an accumulation of gas and subsequent burst of flame, which in turn caused Bates's burns. (ECF No. 14 ¶¶3–13). Bates further alleges that Whirlpool, that "is engaged in the design, manufacture, and distribution of . . . KitchenAid gas ranges," (*Id.* ¶2), owed a duty to design and manufacture a safe product, that Whirlpool breached that duty by failing to design a safe ignition system, conduct adequate safety testing, provide adequate warnings, and that its failure to do so caused Bates's injuries. (*Id.* ¶¶25–27.) Altogether, Bates's allegations support the reasonable inference that Whirlpool knew or should have known about risks associated with gas accumulation and ignition malfunctions and failed to take steps to remedy that condition in the design or manufacturing of the stove. Taken as true, the pleadings properly state a claim upon which relief may be granted as to the negligent manufacturing or design of the stove.

Accordingly, the Court denies Whirlpool's motion to dismiss Count IV.

## III. The Court Declines to Address the Availability of Punitive Damages or Rule on Speculative Discovery Questions.

Bates's "claim" for punitive damages is better understood as a demand for relief under Federal Rule of Civil Procedure 8(a)(3) and not a separate substantive claim. Nonetheless, Whirlpool argues that Bates's "request for punitive damages should be stricken and, if any of his underlying claims survive Whirlpool's Motion to Dismiss, Plaintiff should be prohibited from pursuing punitive damages in this case." (ECF No. 22 at 4). In Wisconsin, "a plaintiff may receive punitive damages if evidence is submitted showing that the defendant acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff." Wis. Stat. §895.043(3). Indeed, "punitive damages are not available for mere negligence." *Est. of Lorbiecki v. Pabst Brewing Co.,* 33 N.W.3d 800, 812 (Wis. 2026). "However, the mere fact that the cause of action is based upon negligent conduct does not preclude a punitive damage award if the plaintiff proves the necessary aggravating circumstances beyond ordinary negligence." *Brown v. Maxey*, 369 N.W.2d 677, 681 (Wis. 1985). In products liability cases, "a claim for punitive damages may be supported by proof of aggravating circumstances beyond those supporting compensatory damage." *Id.* at 681 (quoting *Wangen v. Ford Motor Co.,* 294 N.W.2d 437, 442 (Wis. 1980)).

Whirlpool is correct that Bates "fails to identify—in either his Amended Complaint, his Response, or his supporting Affidavit—any particular alleged conduct on the part of Whirlpool that, if proven, would entitle [him] to punitive damages, as required under Wisconsin law." (ECF No. 22 at 4). Indeed, Bates's only allegations regarding punitive damages are that "Whirlpool's conduct *may* be shown through discovery to involve conscious disregard for safety." (ECF No. 14 ¶30 (emphasis added).) Still, it would be improper to rule on the propriety of any remedy or address speculative discovery issues at this time, and the Court declines to do so.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Whirlpool's motion to dismiss, ECF No. 18, is **DENIED** pursuant to Fed. R. Civ. P. 12(b)(6).

Dated at Milwaukee, Wisconsin on November 24, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge